IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ROBERT WILLIAM LOSE, JR.,**

        Plaintiff,

v.                             **Civil Action No. 5:22-cv-213**
                                  Judge Bailey

**CPS OFFICER, FELICIA BACHOR,**
CPS Worker/DHHR Worker, **CONGRESS
OF THE STATE OF WEST VIRGINIA,
DEPUTY OF CPS CHARSTEN, WV,
MARION COUNTY CPS OFFICE,** and
**MORGANTOWN WV CPS OFFICE,**

        Defendants.

## REPORT AND RECOMMENDATION

The plaintiff, a state prisoner currently confined at North Central Regional Jail, filed this action *pro se*. In addition, he filed an Application and Affidavit to Proceed without Prepayment of Fees ("*in forma pauperis*").

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also*, **Ashley v. E. Dilworth, CO-1**, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denies the installment payment method to those prisoners who have

1

had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ('three strikes')."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis status*. He must pay the filing fee at the time he initiates the suit." **Dupree v. Palmer**, 284 Fed 3d 1234, 1237 (11th Cir. 2002); *see also* **Finley v. Doe**, No. 5:07-CV-00807, 2008 WL 2645472 (S.D. W.Va. June 30, 2008) (Johnson, J.). As outlined below, a review of the plaintiff's prior cases filed in this district indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision.[1]

On October 7, 2021, the plaintiff filed a § 1983 complaint in this District against Child Protective Services ("CPS") in Morgantown and the Presley Ridge Foster Care System seeking $200,000 and for his child to be returned to his care. [Civil Action Number 1:21-CV-135]. The Complaint was sparse in detail, and Magistrate Judge Aloi recommended dismissal after initial screening for failure to state a claim upon which relief could be granted. On November 15, 2021, Judge Keeley adopted the Report and Recommendation and dismissed the case without prejudice.

On March 11, 2022, the plaintiff filed a § 1983 complaint in this District against the West Virginia Division of Corrections and Rehabilitation and the North Central Regional

---

[1] The undersigned acknowledges that the Fourth Circuit's position has been that a dismissal without prejudice does not count as a strike. *See* **McClean v, United States**, 566 F.3d 391 (2008). However, that position has been abrogated by the Supreme Court decision in **Lomax v. Ortiz-Marquez**, 2020 WL 3038282 (U.S. June 8, 2020). Therefore, regardless whether the plaintiff's three cases were dismissed with or without prejudice, they count as strikes.

Jail "staffing" alleging various grievances related to conditions of confinement at the Jail. [Civil Action Number 5:22-CV-45]. The undersigned found that plaintiff's failure to exhaust administrative remedies was clear on the face of the Complaint and recommended dismissal. On July 5, 2022, Judge Bailey adopted the Report and Recommendation and dismissed the case without prejudice.

On May 24, 2022, plaintiff filed a § 1983 complaint against an assistant prosecuting attorney, the West Virginia Department of Human Health and Resources, an appointed guardian ad litem for plaintiff's children, a CPS worker, and the State of West Virginia; plaintiff sought to challenge a Monongalia County adjudication which gave custody of plaintiff's children to the Department of Human Health and Resources and asked this Court to return his children to him, close the related state court cases, and award him $950,650,290,000 in damages. [Civil Action Number 5:22-CV-134]. On an initial review, Judge Bailey found that the Court should decline to exercise jurisdiction under the **Rooker-Feldman** doctrine and **Younger** abstention doctrine, and the case was dismissed with prejudice.

Therefore, to avoid dismissal and proceed without prepayment of the filing fee, the plaintiff must plausibly allege that he is under imminent danger of serious physical injury. See 28 U.S.C. 1915 (g). Vague, speculative, or conclusory allegations are insufficient to invoke this exception. See **Johnson v. Warner**, 200 F. Appx 270, 272 (4th Cir. 2006) (per curiam) (unpublished). Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." **Martin v. Shelton**, 319 F.3d 1048, 1050 (8th Cir. 2003).

In the instant case, plaintiff alleges that the defendants are guilty of kidnapping, asks that unspecified scheduling orders be postponed to allow the administrative process to run, states that his injuries include PTSD, emotional abuse, stress, and depression, and states that CPS violated his civil rights.  For relief, he asks the Court to hold CPS responsible for destroying the relationship between himself and his son.  *See* [Doc. 1]. Construing his claims broadly and in the context of his past suits in this Court, plaintiff appears to be challenging a state court custody decision.

Upon review of the Complaint, the undersigned concludes that the plaintiff has not made a colorable showing that this action should proceed under the exception to the PLRA's three-strikes rule.  Nothing in plaintiff's complaint alleges that he is under imminent danger of serious physical injury.

Further, even if the Court found that the three-strikes rule did not apply, the undersigned finds that the Complaint is almost entirely devoid of factual allegations and fails to state a claim upon which relief can be granted.  Finally, to the extent that plaintiff is intending to relitigate a challenge to a state court custody hearing, the Court has already ruled that it does not have jurisdiction over such a claim.

For the foregoing reasons, the undersigned recommends the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) and his pending Motion for Leave to Proceed *in forma pauperis* [**Doc. 2**] be **DENIED AS MOOT**.  The undersigned further recommends that plaintiff be advised that if he wishes to pursue the allegations raised in the instant Complaint, he must initiate a new case by filing a complaint with payment of the $402 filing fee.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: September 7, 2022.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE